IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| ABIGAIL BALTIMORE, | : | Civil Action No. _____ |
| Plaintiff, | : | |
| vs. | : | |
| H&R ACCOUNTS INC., | : | |
| Defendant. | : | |

## COMPLAINT

Abigail Baltimore, by her attorney Ray Johnson, for her claims against the Defendant states:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff Abigail Baltimore is a natural person residing in Davenport, Iowa.

4. Defendant H&R Accounts, Inc. does business in Iowa with its principle place of business located in Moline, Illinois.

5. H & R Accounts is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. H&R Accounts is attempting to collect an alleged debt from Ms. Baltimore.

7. In January of 2011, H&R Accounts sued Baltimore. Baltimore agreed to settle the dispute with one lump sum payment of $1,500. Baltimore made payment in accordance with the settlement agreement.

8. Despite having settled the account, H&R Accounts persisted in collection and garnished her wages, ignoring the settlement of the dispute.

9. At the time of the garnishment, Baltimore had already paid the $1,500 lump sum and had performed her obligations under the settlement agreement.

## V. FIRST CLAIM FOR RELIEF

10. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not permitted by law;

    b. Defendant violated 15 U.S.C. § 1692e by making false, deceptive, or misleading representations, including but not limited to, the character, amount, or legal status of the debt;

    c. Defendant violated 15 U.S.C. § 1692e(5) by taking action that cannot legally be taken.

11. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages, costs, and attorney's fees.

## VI. SECOND CLAIM FOR RELIEF

12. All facts and allegations of this Complaint are incorporated herein by reference.

13. Defendant violated Iowa's Debt Collection Practices Act. Defendant's violations include but are not limited to:

   a. Defendant violated Iowa Code § 537.7103(4) by using fraudulent, deceptive or misleading representations or means to collect or attempt to collect a debt or to obtain information concerning a debtor;

   b. Defendant violated Iowa Code § 537.7103(1)(f) by threatening to take an action prohibited by this chapter or any other law, including violations of Iowa Code § 714.16;

   c. Defendant violated Iowa Code § 537.7103(4)(e) by intentionally misrepresenting or making a representation which tends to create a false impression of the character, extent or amount of a debt or of its status in a legal proceeding; and

14. As a result of the above violations of the Iowa Code, the Defendant is liable to the Plaintiff for statutory damages, actual damages, costs and attorney's fees.

   **WHEREFORE**, Plaintiffs respectfully requests that judgment be entered against the Defendant for the following:

   A. Actual damages.

   B. Statutory damages.

   C. Costs and reasonable attorney's fees.

   D. For such other relief as the Court deems appropriate in the circumstances.

Respectfully submitted,

_____
RAY JOHNSON

AT0004019
Johnson Law Firm
950 Office Park Road, Suite 335
W. Des Moines, Iowa 50265
Phone: (515) 224-7090
Fax:  (515) 222-2656
Johnsonlaw29@aol.com